GEORGE WALTERS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

The evidence in this case does not sustain the charge of vagrancy, so as to authorize a verdict of guilty.

Criminal law. New trial. Before Judge STROZER. Dougherty Superior Court. April Term, 1874.

Walters was placed on trial for the offense of vagrancy. He pleaded not guilty. The evidence for the state showed that the defendant had been "loafing about" three or four months in idleness; that he had never been seen to work, and had been accused of stealing, etc.; looked like he was able to work.

On the other hand, the defendant proved by Doctor Bacon that he visited his drug store about six weeks previous to the trial, and the witness prescribed medicine to him for secondary syphilis; that the defendant's arm was in the same condition then that it is now; that he is unable to use it; that he could not work as well as a feeble woman; that any ordinary exertion would injure him and increase the disease; that he might do very light work in a hotel, harness or shoe shop, or as a waiter, without injury.

Tom ...... testified that he had known the defendant about five years; that he had worked with him on the railroad running from Griffin to Carrollton; that he was a good hand and worked well until his arm swelled so that he could not labor; that this happened about four months ago.

Jack Outlaw testified that the defendant was always com-

plaining of his arm, stating that it pained him so much at night that he could not sleep.

The defendant also exhibited his diseased arm in evidence.

The jury found the defendant guilty. A motion was made for a new trial, because the verdict was contrary to the evidence. It was refused, and defendant excepted.

H. MORGAN, by R. H. CLARK, for plaintiff in error.

B. B. BOWER, solicitor general, for the state.

TRIPPE, Judge.

As reluctant as we are to grant new trials on the ground that this is put, we think that this case should undergo another investigation. The charge is vagrancy. The evidence for the state, after proving the main charge of idleness, no property, etc., is, that the defendant "looked as though he was able to work." This is stated by nearly every one of the witnesses for the prosecution. Each count in the indictment charges that the defendant is able to work, and is founded on that branch of the definition of vagrancy, as set out in the Code, which makes ability to work a necessary fact to be averred and proved. It is true, the Code goes further and makes certain things constitute vagrancy, without including the terms, "able to work." But the indictment does not cover those cases. We do not say that the evidence for the prosecution would not sustain the verdict, had there been no counter evidence. But, as stated, that evidence is not positive that the defendant was able to work, but only that "he looked like he was able to work." To meet this, the defendant introduced positive testimony of his inability. Dr. Bacon says his arm was swollen six weeks before the bill was found; that he had a disease in its secondary form, which had made him unable to use his arm, and he could not work as well as a feeble woman, etc. Other witnesses testify that he did work until his arm swelled so he could not—which was about four months prior to the trial. In fine, we say, in reviewing the

whole testimony, that where, in a case, ability to work becomes a necessary fact to constitute the offense, and the defendant offers strong and positive evidence, such as this, the prosecution should go farther than to prove that "he looks like he was able to work." If he be, in fact, able, it can be easily proved. If the witnesses for the state had shown that they knew him well, had been much with him, had good opportunities to know his condition, etc., it would have given weight to their *opinions.* Had they shown equal facilities or means, on their part, for knowing his ability to work, as those for the defense had to know his inability, the question would be different.

Let a new trial be granted.