Commonwealth ex rel. Thomas M. Thompson, Appellant, v. Superintendent of House of Correction.

*Criminal law—Vagrancy—Blind person—Acts of May 8, 1876, P. L. 154, and April 30, 1879, P. L. 33.*

1. A person who practices the soliciting of alms on public highways is a vagrant within the meaning of the Act of May 8, 1876, P. L. 154,

and there is nothing in the Act of April 30, 1879, P. L. 33, which relieves him of the penalties of the act of 1876, because he is blind.

2. A blind vagrant who has been committed to the house of correction is not entitled to release on habeas corpus because the magistrate who committed him failed to indicate that he was to be employed "at labor." A commitment to "serve in the house of correction as provided for by the Act of May 8, 1876," is sufficient to indicate that the prisoner shall be required to labor.

Submitted Oct. 6, 1914. Appeal, No. 236, Oct. T., 1914, by plaintiff, from order of Q. S. Phila. Co., Aug. Sessions, 1914, No. 1, refusing petition for habeas corpus in case of Commonwealth ex rel. Thomas M. Thompson v. Superintendent of House of Correction. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Petition for habeas corpus.

The transcript of the committing magistrate was as follows:

Arrested the defendant Thomas M. Thompson of 1748 North Ninth street with being a vagrant August 14, 1914, on oath of Traffic Officer Holton who, having been duly sworn according to law, did depose and say that he verily believes and expects to be able to prove that Thomas M. Thompson of No. 1748 North Ninth street, did beg, solicit alms from the pedestrians, and, etc., on the public highways, contrary to act of assembly, May 8, 1876, the said offense being committed on August 14, 1914, at Eleventh and Girard streets in the city of Philadelphia, contrary to the form of the act of general assembly of May 8, 1876, in that case made and provided, which said act of assembly, among other things, provides that persons soliciting alms, and begging on the public highways, etc., shall be committed to the house of correction and further deponent saith not.

And now August 15, 1914, the defendant arrested and brought before me to answer and make defense.

| NAMES OF WITNESSES | ADDRESSES OF WITNESSES |
|---|---|
| Traff. Officer Holton | Mtd. Traffic Squad |
| Agent Frank Von Bevern | 419 South Fifteenth street |
| Thos. M. Thompson | 1748 North Ninth street |
| Rose D. Thompson | 1748 North Ninth street |

The above witnesses, after having been duly sworn, testified in substance that Thomas M. Thompson, No. 1748 North Ninth street did, on August 14, 1914, at Eleventh and Girard streets, Philadelphia, solicit on the public for alms and did beg on the public highways, contrary to act of assembly, May 8, 1876.

The defendant was given an opportunity to examine witnesses, and was heard in own defense.

And, therefore, it is considered and adjudged that the said defendant Thomas M. Thompson is guilty of being a vagrant and that he shall for this offense serve three months in the house of correction as provided for in the act of assembly of May 8, 1876.

Defendant committed to the house of correction, three months.


AUDENRIED, J., filed the following opinion:

The relator was arrested on August 14, 1914, by a police officer on the charge of vagrancy. It was testified before the magistrate who heard the case that he was in the practice of soliciting alms on the public highways. The magistrate adjudged him a vagrant and sentenced him to serve three months in the house of correction as provided by the act of May 8, 1876.

On the hearing of the writ of habeas corpus, under which he was brought before this court, it clearly appeared, not only by the testimony of the commonwealth's witnesses, but by the admission of the relator himself that the magistrate's finding that he is a vagrant was warranted. As defined by the first section of the act of May 8, 1876, the term "vagrant" includes among others "all persons going about from door to door or placing themselves in the streets, highways or

other roads to beg or gather alms." For a considerable period extending up to the date of his arrest the relator, who is blind, day after day placed himself upon the streets of the city for the purpose of begging, or gathering alms from the charitably disposed, calling the attention of the passers-by to his pitiable condition by playing on a small hand organ that he carried suspended from his shoulders. In this way he made his living. Although repeatedly ordered by the police authorities to desist from this practice he persisted therein contending, as he still does, that because of his blindness he has, under the act of April 30, 1879, the right to go about from place to place begging. In this he is mistaken. The fifth section of the act of April 30, 1879, provides, it is true, that that act shall not apply to certain persons mentioned therein, including those who are blind, but it does not exempt those persons from the prohibitions contained in other statutes; and it has been decided by the Supreme Court that the act of May 8, 1876, has not been repealed or superseded, but still is in force: Cumberland County v. Boyd, 113 Pa. 52; Com. ex rel. Burnside v. Superintendent of House of Correction, 18 Pa. Dist. Rep. 601.

There is nothing in the suggestion that relator is entitled to be discharged because in committing him to the house of correction the magistrate failed to indicate that he was to be employed "at labor." By the Act of June 2, 1871, sec. 7, P. L. 1303, it is provided that every person in the custody of the managers of that institution, not disqualified by sickness or casualty, shall be employed by the superintendent in quarrying stones, cultivating the ground, manufacturing such articles as may be needed for the prison, almshouse or other public institutions of the state or city, or in such other labor as shall upon trial, be found to be profitable to the institution and suitable to its proper discipline and the health and capacities of the inmates. A commitment to "serve in the House of Correction as provided

for by the Act of May 8, 1876," certainly provides as plainly as there is any need it should that during his term of confinement the relator shall be required to labor.

The commitment of the magistrate being in proper form and being warranted by the facts of the case, it is proper that the writ of habeas corpus should be dismissed and that the relator should be remanded to the custody of the superintendent of the house of correction to be held in accordance therewith.

*Error assigned* was the order of the court.

*John N. Landberg*, for appellant.—In the case at bar, the magistrate's transcript shows a summary conviction and sentence of appellant, Thomas M. Thompson, to three months in the house of correction, and contains no reference to compulsory, manual labor, and this fatal error alone calls for a reversal and setting aside of the sentence: Com. v. Dean, 19 Pa. Dist. Rep. 534; Com. v. Scott, 25 Pa. C. C. R. 210; Cumberland County v. Holcomb, 36 Pa. 349; Vagrants' Cases, 4 Pa. C. C. R. 615; Com. v. King, 2 Kulp, 386.

Defendant cannot be found guilty of vagrancy unless it be positively evidenced that he is able to work: Walters v. State, 52 Ga. 574.

The blind and crippled are exempt from prosecution: Act of April 30, 1879, P. L. 33.

It is submitted that those who have a fixed place of residence in the county are not subject to, and cannot be convicted under, either the Vagrancy Act of 1876 or the Tramp Act of 1879: Com. ex rel. v. Gill, 7 W. N. C. 557.

*George W. Welsh*, assistant district attorney, and *Samuel P. Rotan*, district attorney, for appellee, cited: Com. ex rel. v. Superintendent of the House of Correction, 18 Pa. Dist. Rep. 601; Cumberland County v. Boyd, 113 Pa. 52.

PER CURIAM, November 16, 1914:

The judgment is affirmed and the relator is remanded.